In re WYNN HOMES, INC., Corinne T. Bergman, Debtors.

Thomas Wood BUCKLEY, Plaintiff,

v.

WYNN HOMES, INC., Corinne T. Bergman, Defendants.

Bankruptcy Nos. 79–1459–G, 79–1619–G.

United States Bankruptcy Court, D. Massachusetts.

Oct. 9, 1981.

Joseph Collins, Springfield, Mass., for debtor.

Philip J. Shine, Springfield, Mass., for plaintiff.

## MEMORANDUM AND ORDER ON COMPLAINTS FOR RELIEF FROM AUTOMATIC STAY

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff, Thomas Buckley, filed two separate complaints to modify the automatic stay in each of the above-captioned proceedings. Wynn Homes, Inc. is a corporate bankrupt in liquidation proceedings under Chapter IV of the Bankruptcy Act of 1898, which was codified as Title 11 of the United States Code. Although that statute was repealed by the Bankruptcy Reform Act of 1978 (Pub.L. 95–598), its provisions remain applicable to all bankruptcy petitions filed prior to October 1, 1979. See §§ 401 and 403 of the Bankruptcy Reform Act of 1978. Therefore, the "old" Bankruptcy Act and Rules are the applicable law to these proceedings. Corinne T. Bergman is a Chapter XII debtor under the Act, seeking a real property arrangement with her creditors. The significance between the type of proceeding involved will be made clear below.

Although Wynn Homes, Inc. and Corinne T. Bergman are separate bankruptcy cases,

and even though the plaintiff has filed separate complaints, I treat both cases and complaints together here, since the property and debt involved are the same in each instance. The plaintiff has filed his complaint in each case, the defendants have each filed responses captioned "Request for Dismissal to Complaint to Modify Stay", which in substance conform to the requirements of an Answer, and not a Motion. A hearing was held at which time the plaintiff suggested that there was no material dispute as to the facts, and that he was entitled to judgment as a matter of law. The defendants have requested dismissal of the complaints, basically arguing that "full-payment" has been offered to the plaintiff. The court took the matter under advisement to decide whether a decision could be reached on the pleadings alone, or whether a full evidentiary hearing would be necessary.

The admitted facts in each complaint are that Wynn Homes, Inc. was formerly the owner of certain residential real estate and gave a first mortgage and promissory note on that real estate to the Greenfield Co-operative Bank. The plaintiff alleges that the amount due on the note is $33,838.21, while the defendants have each denied that allegation and assert an amount as owing of $27,389.25. It is admitted that Corinne T. Bergman was made a co-maker of the note to the Bank by an instrument dated December 8, 1977. It is further admitted that the plaintiff became the holder of the first mortgage interest by an assignment from the Bank dated January 17, 1980, and that since he has become the mortgage holder he has received no monthly payments as called for by the promissory note. Finally, it is admitted that Wynn Homes, Inc. deeded its entire interest in the real estate to Corinne T. Bergman on May 16, 1973.

Thus, looking first at the complaint to modify the stay as to Wynn Homes, Inc. it is clear from the plaintiff's complaint and the defendant's answer that Wynn Homes, Inc. retains no property interest in the subject real estate, although it is admittedly liable on a promissory note. Since there is no property in the bankrupt's estate against which the plaintiff's lien may be enforced, the automatic stay of lien enforcement in Bankruptcy Rule 601(a) is inapplicable. There is nothing to which the stay might attach, except a suit to collect on the promissory note. Wynn Homes, Inc. has no interest in the plaintiff's attempt to foreclose his mortgage, since it does not own nor has any interest in the subject real estate. Nor can the court modify stay where no stay exists. Insofar as Wynn Homes, Inc. is concerned, the complaint to modify stay should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 902.

However, in the case of Corinne T. Bergman, who is the admitted owner of the real estate in question, there is a very real application of the automatic stay under Bankruptcy Rule 12–43(a). Subdivision (d) of Rule 12–43, however, provides, in pertinent part, that

> The court may, *for cause shown*, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement *shall show* that he is entitled thereto. (Emphasis added.)

The plaintiff, in his complaint, has alleged a right to lien enforcement, a substantial debt owed by the debtor, a default by the debtor, and the failure by the debtor to cure that default over a period of some 18 months. The defendant, for her part, disputes the amount owed, but nevertheless admits of a debt owed, and suggests that she has proposed a repayment plan which the plaintiff has unreasonably rejected.

Bankruptcy Rule 12–43(d) states two criteria for analysis on the question of modification of the stay. First, is the requirement of "for cause shown". Second, is the corollary that the party seeking continuation of the stay (the debtor) has the burden of establishing her entitlement thereto. See 14A Collier on Bankruptcy ¶ 12–43.05 (14th Ed. 1978). The plaintiff here has shown a substantial default by the debtor and the lack of any payments since January of 1980. The first factor in deter-

mining whether to alter or modify a stay is whether the secured creditor will suffer imminent and irreparable injury from the continuation of the stay. *In re Overmyer Co., Inc.,* 2 Bankr.Ct.Dec. 992 (S.D.N.Y. 1975), *In re Consolidated Motor Inns.,* 1 Bankr.Ct.Dec. 1526 (N.D.Ga.1975). Normally, the creditor shows irreparable injury by demonstrating that the value of his security has decreased or is decreasing below that value existing at the time of filing of the Chapter XII petition, and that no protection is available in the proceeding which will adequately protect such existing value. *In re Overmyer Co., Inc.,* supra. Moreover, there usually must be a showing that the value of the collateral is not substantially in excess of the amount of the debt, for that aspect would bear substantially on the court's decision on the "value" of a creditor's security.

■ However, even where a creditor is unable to show a decrease in the value of his security or, as in this case, fails to make such an allegation, another ground for granting modification of the stay is permissable.

Even though the value of the property is not diminishing or is protected from dimunition in value by other means, where the creditor can overcome the presumption in favor of rehabilitation (which prevails initially and at the early stage of the proceeding) by a showing of facts occurring after the filing which *prove* that a successful rehabilitation within a *reasonable time* is impossible or unreasonable to expect, the court should permit foreclosure. The purpose of Chapter XII is not to keep the secured creditor in limbo in the vague and speculative hope that sometime in the future the economy or other conditions will fortuitously improve enough to produce a Phoenix-like transformation of the debtor into rehabilitated. Norton, Real Property Arrangements Part 14, § 14–3. See generally, *In re Triangle Inn Associates,* 2 Bankr.Ct. Dec. 1670 (E.D.Va.1977).

In the case at bar, the debtor filed her Chapter XII petition in late August of 1979.

Since that time, more than 2 years, no plan of arrangement has been filed with the court, nor is the court satisfied that a realistic plan of arrangement is forthcoming in the near future. If one were forthcoming, it was incumbent upon the debtor to make that fact known. She did not. The fact that the plaintiff has received no payments for over 18 months coupled with the debtor's failure to propose a viable plan of arrangement leads me inevitably to the conclusion that sufficient cause exists to modify the stay. I must point out that no evidence was introduced nor any allegation made as to the value of the plaintiff's security or the amount of equity the debtor holds in the subject property. However, because of the more than two year delay in this proceeding, the court feels reasonable in concluding that equity favors the plaintiff in this instance.

Finally I must note that the court is not swayed by the argument of the debtor that she has offered to repay what she considers to be the full amount of the debt owed to the plaintiff. It is futile to argue that the creditor is owed less than he says he is owed or to suggest that the creditor is acting unreasonably in rejecting a proposed plan of repayment. Under Chapter XII, the debtor is allowed to confirm a plan of arrangement over the objection of a non-assenting class of affected creditors if she provides adequate protection for the value of the debts owed to that class. 11 U.S.C. § 861(11), as enacted prior to November 6, 1978. This provision in Chapter XII is known as the "cram-down" clause. Moreover, in a complaint for relief from stay, the debtor always has the option of showing that the debt owed is more than adequately protected by the value of the collateral in her possession. Whether the debt here is $27,000 or $33,000, the debtor has failed to avail herself of either of these opportunities. The question of whether to continue the automatic stay requires the court to weigh the equities on each side. The debtor has had fair opportunity to present her case for equity to be done, and has failed. Lastly, by granting relief from the stay, the

court does not deny the debtor a final opportunity to "save" her home, since she may still come to some agreement with her secured creditor as the foreclosure process ensues. The fact that the creditor may be owed less than it claims does not of itself require continuation of the stay. Further, the fact that the debtor has proposed to pay all or substantially all of the debt at some time in the future also is no grounds for continuation of the stay. A secured creditor must receive its due, either in a lump sum payment, adequate protection for its debt, or in an enforceable plan of arrangement which contains adequate protection for the value of the debt to be paid. None of these factors exist here, and the court has no choice but to allow the complaint of the plaintiff.